**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be
received no later than 4:30pm on the 10th day after the
decision was issued to be deemed timely filed.
https://www.gaappeals.gov/rules

**August 4, 2026**

# In the Court of Appeals of Georgia

A26A1331. HAYGOOD v. THE STATE.

DILLARD, Presiding Judge.

After trial, Eric Haygood was convicted of rape, two counts of aggravated sodomy, and aggravated assault. Haygood appeals from the convictions, solely challenging the sufficiency of the evidence as to his conviction for rape. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that Haygood was a neighbor of the victim, J. R. On the morning of February 1, 2022,

---

[1] See, e.g., *Vick v. State*, 376 Ga. App. 716, 719(1) (920 SE2d 733) (2025) (explaining that "we view the evidence presented at trial in the light most favorable to the verdict[ ] and ask whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes for which he was convicted" (quotation marks omitted)).

Haygood came to the victim's front door. And believing Haygood needed assistance with paperwork that he mentioned earlier that morning, J. R. allowed him to enter her home. But once inside, Haygood told J. R. the two of them were "going to f*ck."[2] J. R. repeatedly told Haygood "no," but he continued advancing, saying that he knew her husband was not at home.

While moving toward J. R., Haygood demanded that she remove her pants, and he placed both of his hands around her throat and began to squeeze. Realizing that she could be seriously injured, J. R. felt she had no choice but to comply. Haygood then forced her to perform oral sex on him before removing her pants and performing oral sex on her. Haygood then "guided his penis to [her] vaginal opening" and tried twice to place it inside her; but because he was not fully erect, "everything kind of crumpled up at the entrance."[3]

Haygood then looked down at J. R. and said "I'm in trouble," before instructing her to wash her face because her nose was bleeding. He then asked J. R. for

---

[2] A surveillance video captured Haygood's initial approach. And while the eventual sexual assault occurred off camera, it can be heard in the background.

[3] At trial, J. R. demonstrated what this meant by using a tissue box, pushing her fingers "past the plastic of the tissue box towards the interior of the box."

a hug before leaving, and she complied because she "wanted to make sure that he would leave." J. R. then locked the door before calling her sister, a friend, and law enforcement. Haygood was later indicted and convicted of the above charges.

On appeal, Haygood solely challenges the sufficiency of the evidence as to his conviction for rape. More precisely, he argues there was insufficient evidence of penetration, which is required to sustain a rape conviction. We disagree.

When evaluating the sufficiency of evidence, the relevant question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt."[4] And importantly, we do not "re-weigh the evidence or resolve conflicts in testimony, but instead defer[ ] to the jury's assessment of the weight and credibility of the evidence."[5] With this in mind, the offense of rape is committed when a person

---

[4] *Hyden v. State*, 308 Ga. 218, 219(1) (839 SE2d 506) (2020) (quotation marks omitted). See *Jackson v. Virginia*, 443 U.S. 307, 319 (III)(B) (99 SCt 2781, 61 LE2d 560) (1979).

[5] *Hyden*, 308 Ga. at 219 (1) (quotation marks omitted). See *Jackson*, 443 U.S. at 319 (III)(B).

has "carnal knowledge of ... [a] female forcibly and against her will,"[6] and "carnal knowledge" means "any penetration of the female sex organ by the male sex organ."[7]

Here, Haygood notes that no pelvic examination was conducted because when J. R. was evaluated at the hospital, she reported that he did not penetrate her vagina. And so, Haygood argues that because J. R. said a rape was "not completed," he cannot be convicted of one. This argument is a nonstarter.

J. R.'s testimony at trial and her physical demonstration for the jury provided sufficient evidence of penetration to sustain the rape conviction.[8] Indeed, it has long

---

[6] OCGA § 16-6-1(a)(1).

[7] *Baughcum v. State*, 379 Ga. App. 611, 618(2) (930 SE2d 573) (2026) (quotation marks omitted). See OCGA § 16-6-1(a); *Smith v. State*, 361 Ga. App. 436, 438(1)(a) (864 SE2d 645) (2021) (noting that "[p]enetration of the female sex organ by the male sex organ is a required element of the offense of rape," but "the necessary penetration need be only slight; it is not necessary that the vagina shall be entered, but an entering of the anterior of the organ, known as the vulva or labia, is sufficient" (citation modified)).

[8] See *Turner v. State*, 376 Ga. App. 681, 682–83(1) (920 SE2d 726) (2025) (holding that, in a case in which victim "never stated that [defendant] penetrated her" and only that he "tried to put his 'private' in her 'private,'" there was sufficient evidence to authorize an inference that defendant "penetrated the victim's vulva or labia with his sex organ" because victim also testified that what defendant did "really hurt" or "hurt really bad"); *Smith*, 361 Ga. App. at 438(1) (holding that, in case in which victim testified that defendant "did not put his penis inside her vagina," that he "rubbed his penis around her vagina," that he put his penis "on her vagina," and

been established that "it is not essential to a conviction of rape that the evidence show that the vagina was entered or that the hymen was ruptured, but that this element of the offense is sufficiently established if the proof show only a slight penetration of the anterior of the female sexual organ, known as the vulva or labia, by the sexual organ of the male."[9] J. R.'s testimony was sufficient, then, to support Haygood's conviction.[10]

For these reasons, we affirm Haygood's convictions.

*Judgment affirmed. Gobeil and Pipkin, JJ., concur.*

---

that he hurt her by "sticking his private part in her private area," that there was sufficient evidence by which to infer that defendant's "penis had entered the anterior of [the victim's] sex organ, which was sufficient to authorize a finding of the penetration necessary" (brackets omitted)).

[9] *Dean v. State*, 204 Ga. 759, 759 (51 SE2d 840) (1949). Accord *Turner*, 376 Ga. App. at 682(1).

[10] See OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Watson v. State*, 304 Ga. App. 128, 130–31 (695 SE2d 416) (2010) ("The State does not have to prove that a victim was physically injured to prove rape; the victim's testimony about the nonconsensual and forcible nature of her contact with [the defendant] is sufficient to establish that the carnal knowledge occurred without her consent.").